UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN THOMAS<br>611 3rd Street<br>Pitcairn, PA 15140<br><br>        Plaintiff,<br><br>v.<br><br>UPMC CHILDREN'S HOSPITAL<br> OF PITTSBURGH<br>4401 Penn Avenue<br>Pittsburgh, PA 15224<br><br>        Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Kathleen Thomas, is an adult individual residing at the above address.

2. Defendant, UPMC Children's Hospital of Pittsburgh ("Defendant") is a corporation organized and registered to do business in Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Ms. Thomas exhausted her administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable federal law, including Section 1981 of the Civil Rights Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Thomas was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8. On or around June 2017, Kathleen Thomas was hired by UPMC Children's Hospital of Pittsburgh as a Pharmacy Technician Associate.

9. Ms. Thomas's daughter is disabled with depression. Due to this condition, Ms. Thomas's daughter suffers from panic attacks and suicidal ideation. Although Ms. Thomas is associated with her disabled daughter, she performed competent work on Defendant's behalf. As explained below, Ms. Thomas believes that Defendant ultimately terminated her employment due to her association with her disabled daughter.

10. Due to her disability, Ms. Thomas's daughter required periodic medical care and Ms. Thomas's assistance in obtaining this medical care. Ms. Thomas's supervisor, Carly Ross, exhibited hostility towards Ms. Thomas whenever she attended to her daughter.

11. On or about October 2019, Ms. Thomas applied for intermittent medical leave in accordance with Defendant's Family and Medical Leave Act ("FMLA") policy.

12. Even though Defendant had approved Ms. Thomas for intermittent medical leave to care for her daughter, Ms. Thomas's supervisor, Carly Ross, expressed frequent animosity towards her whenever she utilized FMLA leave.

13. For instance, Ross frequently demanded that Ms. Thomas provide a doctor's note each time she attempted to utilize the leave to care for her daughter. Ross would also send text messages to Ms. Thomas and ask her when she would be returning to work when she was utilizing her approved FMLA leave, or otherwise pressuring Ms. Thomas to not utilize her FMLA leave.

14. In or around March 2020, Ms. Thomas's daughter attempted suicide. This led to her being hospitalized at Defendant's location.

15. While attending to her daughter, Ms. Thomas saw Ross and informed her that her daughter had been hospitalized due to a suicide attempt. Ross said "well maybe you should leave if working is too much".

16. In April 2021, Ross placed Ms. Thomas on a Performance Improvement Plan ("PIP"). The PIP informed Ms. Thomas, without elaboration, that there were issues with her "communication" and "time management" skills.

17. According to the PIP, Ross was supposed to meet with Ms. Thomas periodically in order to see whether her conduct was improving. However, these meetings only occurred when Ms. Thomas reminded Ross that they were supposed to meet during the pendency of the PIP.

18. When Ms. Thomas did meet with Ross, Ross gave criticism to Ms. Thomas that was personal in nature, rather than related to her work performance.

19. For instance, Ross criticized Ms. Thomas for smelling. And despite being reminded, Ross failed to meet with Ms. Thomas during the last two weeks of her PIP.

20. Defendant ultimately terminated Ms. Thomas on July 6, 2021 for failing to meet the terms of her PIP.

21.     Ms. Thomas avers that this explanation is merely pretextual and that Defendant terminated her due to her association with her disabled daughter and her utilization of medical leave to care for her daughter.

22.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION**
**(42 .S.C.A. § 12101** *et seq.***)**

23.     Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

24.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

25.     As a result of Ms. Thomas's daughter's medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

26.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27.     At all times material hereto, Plaintiff's daughter had a qualified disability, as described above.

28.     Based on the foregoing, Plaintiff alleges that Defendants violated the ADA by subjecting her to discrimination on the basis of her actual and/or perceived association with a person with disabilities and/or records of impairment.

29.     Plaintiff was subject to a hostile work environment due to her daughter's disability.

30.     The harassment suffered by Plaintiff by her managers and co-workers detrimentally affected her in that, among other things, she suffered embarrassment, humiliation, emotional distress, and disruption to her life because of Defendants actions.

31.     The harassment by her supervisors would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

32.     Defendants knew or should have known of the harassment as Plaintiff complained about it to Defendants, yet they failed to take prompt, meaningful, remedial action.

33.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

34.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands compensatory and punitive damages.

36. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Plaintiff demands attorneys' fees, court costs, and any other award the Court sees as just.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 *et seq.*)

37. Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

38. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not retaliate against an employee based upon her exercising her rights under the Americans with Disabilities Act.

39. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

40. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

41. As set forth above, Plaintiff engaged in protected activity when she requested continued accommodations previously provided for her qualified disability.

42. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

43. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

6

distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

44. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

45. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Plaintiff demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF FMLA—INTERFERENCE
## (29 U.S.C. §2601 et seq.)

46. Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

47. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

48. As described above, Defendants interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

49. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

50. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

51. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV
### VIOLATION OF FMLA
### RETALIATION
### (29 U.S.C. §2601 et seq.)

52. Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

53. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

54. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her taking permissible FMLA leave.

55. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

56. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

57. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

### COUNT V
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
### DISABILITY
### (43 P.S. § 951, et seq.)

58. Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

59. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

60. Ms. Thomas is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. Defendant is Ms. Thomas's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

62. Defendant's conduct in terminating Ms. Thomas is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

63. As a proximate result of Defendant's conduct, Ms. Thomas sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Thomas has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendant's owners/management, Ms. Thomas hereby demands punitive damages.

65. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Thomas demands attorney's fees and court costs.

**COUNT VI**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

## RETALIATION
### (43 P.S. § 951, *et. seq.*)

66. Ms. Thomas incorporates the preceding paragraphs as if fully set forth at length herein.

67. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

68. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

70. Defendant's termination of Ms. Thomas's employment constituted retaliation for engaging in protected activity by objecting to the sexual harassment that she was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

71. As a proximate result of Defendant's conduct, Ms. Thomas sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Thomas has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

72. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Thomas demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Kathleen Thomas, demands judgment in his favor and against Defendant, UPMC Children's Hospital of Pittsburgh, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY:   /s/ Briana Lynn Pearson, Esquire
BRIANA LYNN PEARSON, ESQUIRE
(P.A. ID 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 215-944-6113
Telefax: 215-627-9426
Email: brianap@ericshore.com
*Attorney for Plaintiff, Kathleen Thomas*

Date: 10/26/2022

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

| | |
|---|---|
| 10/26/2022 | *Electronically Signed* — 2022-10-25 21:40:03 UTC - 108.17.92.147<br>Nintex AssureSign®   50070916-bf4a-42fb-bf8b-af39012cfadc |
| (Date Signed) | Kathleen Thomas |

12